**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MATTIE STREETER, o/b/o I.S.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-810-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Mattie Streeter ("Streeter") applied for supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq*., on behalf of her minor daughter, I.S.S. ("ISS"), who is now 17 years old. After the administrative denial of her application, RD petitioned for and received a hearing before an administrative law judge ("ALJ"). On February 5, 2008, the ALJ ruled against ISS. Specifically, the ALJ held that ISS was not under a "disability" as defined in the Social Security Act at any relevant time in issue.[1] On August 11, 2008, the Appeals Council rejected review, thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[2] Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I. STANDARD OF REVIEW**

---

[1] R. at 26.

[2] R. at 4-7.

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard to define child disability under the Social Security Act.  *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996).  The statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(I) (1999).  The sequential analysis for determining whether a child claimant is disabled is as follows:

> 1. If the claimant is engaged in substantial gainful activity, he is not disabled.
> 2.  If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment.  If the claimant's impairment is not severe, he is not disabled.
> 3.  If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d).

If an ALJ finds a child's severe impairments do not meet or medically equal regulatory Listings, he must  determine whether the impairments are "functionally equivalent" to the Listings.  This task requires an ALJ to assess the degree to which a child's limitations interfere with normal life activities. Regulations specify six major domains of life for evaluation:

(i)  acquiring and using information;

(ii) attending and completing tasks;
(iii) interacting and relating with others;
(iv) moving about and manipulating objects;
(v) caring for oneself; and
(vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1). If a child has "marked" limitations in two of these domains, or and "extreme" limitation in one, the child is considered to have "functionally equaled" the Listing. *Shinn v. Commissioner of Social Security*, 391 F. 3d 1276, 1279 (11th Cir. 2004). The Commissioner's regulations provide that if a child's impairment or impairments do meet, medically equal, or functionally equal a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2). In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Shinn*, *id*. at 1282.

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at

1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### A.  ADMINISTRATIVE FINDINGS

ISS was a fifteen year old, eighth grade student during the administrative hearing on December 6, 2007.[3] Streeter alleges ISS suffers from attention deficit hyperactivity disorder (ADHD).[4] ISS has not engaged in substantial gainful activity at any time relevant to the ALJ decision. ISS testified she was in regular classes but had repeated the fourth and seventh grades.[5] ISS said her mother insured she took her metadate as prescribed, and had never had any friends.[6] Streeter testified ISS's attitude and/or attention span prevented her from getting along with potential friends. Streeter does not allow ISS to ride the school bus because confrontations always result.[7] Streeter stated ISS has received several discipline referral for not staying in her seat, which Streeter believed

---

[3] R. at 281.

[4] R. at 63.

[5] R. at 287-88, 286.

[6] R. at 287.

[7] R. at 290.

to be a result of ISS's attitude problems.[8]

The ALJ reviewed ISS's treatment records from East Central Mental Health for the period between August, 2002 and September, 2005. The records indicate ISS was diagnosed with ADHD, mood disorder, not otherwise specified, and borderline intellectual functioning, with appropriate affect and euthymic mood.[9] Streeter provided the Appeals Council with additional treatment records for the period from October, 2005 through October, 2007, as well as school records which relate to ISS.[10] The school records show several disciplinary notices for disruptive behavior, a dress code violation, and inciting a fight. A grade report issued for Fall 2007 shows ISS earned poor grades in all subjects except language.[11]

A consultative psychological examination was performed by Dr. Dorn Majure on October 31, 2005. Dr. Majure noted ISS is prescribed 30 mg of Metadate, which ISS and Streeter both said was beneficial.[12] Dr. Majure diagnosed ADHD and found ISS is mildly impaired in several areas of functioning. He concluded her prognosis would be

---

[8] R. at 290-91, 292.

[9] R. at 18.

[10] R. at 7.

[11] R. at 274-76.

[12] R. at 204.

considered good with appropriate treatment.[13]

A Childhood Disability Evaluation Form was completed by Dr. Susan Kotler, Ph.D. on November 21, 2005.  Dr. Kotler gave significant weight to Dr. Majure's opinion because she found it was consistent with ISS's treatment and teacher evaluations.[14]  Dr. Kotler also credited teacher evaluations which reported overall slight problems in acquiring and using information (AU/I), with none to slight problems in attending and completing tasks (A/C), interacting and relating with others (I/R), and caring for oneself (C/Y).  These evaluations were deemed significant because they were submitted by an objective third party source that has longitudinal familiarity with the claimant.  ISS's domain evaluations were "less than marked" in acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for oneself.[15]  No other domain limitations were noted.

Dr. Kotler found the parent evaluation was partially credible as it was discrepant with the teacher evaluations which indicate better functioning.  ISS's mental allegation was deemed credible, but did not meet or equal the listing for disability.[16]  Dr. Kotler concluded ISS is severely impaired, but her impairment does not meet, medically equal or

---

[13]R. at 203, 206.

[14]R. at 212.

[15]R. at 209-10.

[16]R. at 212.

functionally equal the listings.  The disability evaluation also noted ISS is not receiving special services for her alleged mental condition.[17]

A medical expert testified that ISS was prescribed a single medication appropriate for ADHD and she did not meet the disability listing.

The ALJ found ISS is severely impaired by ADHD, but her impairment does not meet, medically equal or functionally equal the listings.[18]  He found ISS's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible, and credited the findings by Dr. Majure and Dr. Kotler.[19]  The ALJ relied upon ISS's mental treatment records to find her affect was appropriate with normal orientation and generally calm motor activity.  The ALJ decided ISS has the following limitations in the specified domains: (1) less than marked limitation - acquiring and using information; (2) less than marked limitation- attending and completing tasks; (3) less than marked limitation- interacting and relating with others; (4) no limitation - moving about and manipulating objects; (5) no limitation - caring for herself, and, (6) no limitation - health and physical well-being.[20]  The ALJ stated ISS does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of

---

[17]R. at 212.

[18]R. at 18, 20.

[19]R. at 21.

[20]R. at 22-26.

functioning or "extreme" limitation in one domain of functioning, and therefore is not disabled.[21] Accordingly, the ALJ found ISS was not disabled within the meaning of the Social Security Act.[22]

### III.  ISSUE

Streeter presents a single issue for judicial review:

> Whether the Appeals Council erred in failing to remand for new and material evidence.

### IV.  DISCUSSION

**<u>The Appeals Council did not err in finding no basis to remand this case.</u>**

Streeter argues the Appeals Council should have remanded ISS's case in light of the updated records available for its review.  The Commissioner responds argues the records were not a basis to overturning the ALJ's decision.

Streeter's argument rests on the updated treatment records she gave to the Appeals Council approximately two months after the ALJ issued his finding that ISS is not disabled. She contends the later records conflict with the ALJ's summary of previously available mental health records which led the ALJ to find ISS had an appropriate affect and euthymic

---

[21] R. at 26.

[22] R. at 34.  The ALJ's disability analysis followed the sequential evaluation process for child disability determinations set forth in 20 C.F.R. §416.924, and summarized in *Shinn v. Commissioner of Social Security*, 391 F. 3d 1276, 1278-79 (11th Cir. 2004).

mood.[23] The Appeals Council told Streeter that it reviews cases in which it receives "new and material evidence and the decision is contrary to the weight of all the evidence now in the record," but the information received regarding ISS "does not provide a basis for changing the ALJ's decision."[24]

Streeter correctly argues the records show continued treatment for ISS's ADHD and diagnoses of mood disorder and low self esteem. However, the ALJ had adequate evidence of each of these conditions prior to his decision, as they were reflected in previously submitted treatment records.[25] Street specifically contends the updated records provided grounds for reversal, but the court's review of the updated records from East Central Mental Health show ISS continued to demonstrate appropriate affect and euthymic mood.[26] In particular, though one report shows ISS's mood was anxious, her affect was appropriate and all other indicators were routine for ISS.[27] In fact, one of the later treatment records, dated October 9, 2007, shows great improvement by ISS, as the counselor noted no problems and that ISS "appears to be genuinely making progress."[28]

---

[23]Pl. Br. at 5.

[24]R. at 4-5.

[25]R. at 199, showing ADHD, mood disorder, GAF score of 57, and diagnosis of low self-esteem on July 21, 2003.

[26]R. at 233, 244, 246, 251. These documents range in date from September, 2006 through September, 2007.

[27]R. at 241 (date illegible).

[28]R. at 232.

The Appeals Council may reverse an ALJ when new and material evidence is contrary to the weight of all the evidence now in the record.[29]  The additional submission by Streeter does not present significantly different information as to any of ISS's claimed conditions, and the Appeals Council did not err when it decided to deny Streeter's request for review.

Streeter also contends the ALJ did not adequately develop the record and erred in issuing a decision based on reports completed two years prior to his decision.  The Commissioner's regulations require a claimant to prove disability. 20 C.F.R. § 416.912. The evidence of disability should be relevant to the date for which benefits are initially claimed. *See* 20 C.F.R. § 416.912(c), (d).  The ALJ based did not err in his reliance on opinions rendered in 2005 by Drs. Majure and Kotler.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**  A separate judgment is entered herewith.

Done this 14th day of May, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[29]R. at 4.